■ DAVID TROTMAN, Respondent, v SALVATORE CAIOLA, Appellant.—Order of the Supreme Court, New York County (Walter M. Schackman, J.), entered December 22, 1988, denying defendant's motion for summary judgment dismissing the complaint, is unanimously reversed, on the law, and the motion granted, with costs and disbursements payable to defendant.

Plaintiff brought this action for injuries received when he lost control of an automobile while traveling on the New York State Thruway. Plaintiff claims that the defendant was negligent in the repair and servicing of the automobile between one and three months prior to the accident. He asserts that when he picked up the car, owned by the New York State Division for Youth, his employer, he smelled fumes and informed his supervisor, who responded that the smell was probably a tire. Plaintiff had with him in the vehicle a companion, who never made any complaint to plaintiff about the car, and during the trip plaintiff never detected any odor or had any complaints concerning the operation of the automobile. It was snowing and plaintiff was in the process of passing another vehicle when, he claims, he blacked out and the accident ensued.

Defendant admitted, at his examination before trial, doing work on the car some time within three months prior to the accident. Defendant replaced the rocker arms and pushrods which opened and closed valves in the car. No one from the New York State Division for Youth complained to the defendant that there were fumes coming into the vehicle during the period of one to three months after the repairs were done.

Plaintiff had the automobile exhaust system inspected to see if there was any defect which might have caused exhaust fumes to seep into the car and cause plaintiff to fall asleep at the wheel. A copy of the report was submitted in support of the motion for summary judgment. The consulting engineer found no cracks or evidence of exhaust leakage and that the exhaust pipe was undamaged. Further, there was no evidence of exhaust leakage or deterioration of metal or other defects. Although the muffler revealed evidence of impact damage, a close examination revealed no evidence of exhaust leaks, and there were no cracks or other defects in the tailpipe except for the impact damage. The inspection also found the underside of the vehicle to be tightly sealed, which would prevent any exhaust leakage from entering the car. Not only was no defect found in the exhaust system or the underside of the car, but plaintiff's engineer stated, "within a reasonable degree of

engineering certainty, it is concluded that the accident * * * is not the result of a defective exhaust system".

Defendant also supported his motion for summary judgment with an affidavit of a physician who examined the hospital record of the plaintiff and stated, as here pertinent:

"Serial blood gases were also found to be within normal limits.

"In classic cases of carbon monoxide intoxication, the blood is found to be bright red due to the formation of carboxyhemoglobin and the patient shows a cherry colored flush. It is mandatory that the patient receive respiratory assistance with carbon monoxide intoxication. From a review of these records, there was no sign that the patient had any carbon monoxide intoxication or carbon monoxide problems. All the laboratory data were within normal limits and did not indicate the patient to have any carbon monoxide problems. The x-rays of the chest were normal. The hospital records make no mention of unconsciousness or any respiratory problem.

"From a review of these records, I find there is no indication of any exhaust fumes or carbon monoxide poisoning."

Further, upon admission to the hospital, it was noted that "patient denied any history of loss of consciousness following injury".

The only attempt to show negligence and causation submitted by the plaintiff in opposition to defendant's motion for summary judgment was a one-page affidavit from a mechanic that the type of repairs, "could result in the escape of engine gases if the repair work was not properly done". However, neither in plaintiff's bill of particulars nor in the affidavit of plaintiff's "expert" is there any claim of anything specifically done incorrectly by defendant with either the rocker arms or the pushrods, and not even an indication of a theory of what defendant *might* have done to the rocker arms or pushrods to cause a seepage of fumes or engine gases into the car. This one-page affidavit, consisting merely of surmise and conjecture, was insufficient to raise a genuine issue of fact. Likewise, there was no opposing affidavit from a physician to indicate that plaintiff was rendered unconscious by the inhalation of exhaust fumes in the car. Thus, defendant's physician's affidavit was uncontroverted by plaintiff. Concur—Murphy, P. J., Kupferman, Asch, Wallach and Rubin, JJ.